IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| HEATHER VEGA,<br><br>    Plaintiff,<br><br>V.<br><br>QUALITY CARRIER, INC. and<br>GILBERT C. DOUGLAS<br><br>    Defendants. | §<br>§<br>§<br>§<br>§  CIVIL ACTION NO. _____<br>§<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S ORIGINAL COMPLAINT

**NOW COMES** Plaintiff, Heather Vega, complaining of Defendants, Quality Carrier, Inc. ("Quality Carrier"), and Gilbert C. Douglas ("Douglas"), and in support thereof would show the Court as follows:

### I.
### JURISDICTION AND VENUE

1.1   This Court has diversity jurisdiction under 28 USC § 1332(a)(1) because this action is between citizens of different states.

1.2   Plaintiff seeks recovery in excess of $100,000.

1.3   The Court has personal jurisdiction over all Defendants because they have done business in Texas, committed a tort in Texas and have continuous contacts in Texas. Therefore, all Defendants are amenable to service by a Texas State Court. Additionally, the damages for which Plaintiff brings suit exceed the minimal

jurisdictional limits of the Court.

1.4 Venue is proper in the Southern District of Texas because of the following:

1.5 The events or omissions on which the Plaintiff's claims are based occurred in Texas. 28 USC § 1391(a)(2). Venue is proper in the Victoria Division of the Southern District of Texas because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred there. *Id.* Specifically, the intent and actions giving rise to this suit occurred in Refugio County, Texas, a county within the Southern District of Texas, Victoria Division.

## II.
### PARTIES

2.1 Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1.1 through 1.5 of Plaintiff's Original Complaint set forth above as though fully set forth herein.

2.1 Plaintiff, Heather Vega, is a resident of Refugio County, Texas and, for jurisdictional purposes, is a citizen of the State of Texas.

2.2 Defendant, Quality Carrier, is an Illinois corporation doing business in the State of Texas with its principal place of business in Illinois, and for jurisdictional purposes, is a citizen of the State of Illinois. Quality Carriers may be served via certified mail to its registered agent for service, Illinois Corporation Service C at 801 Adlai Stevenson Drive, Springfield, Illinois 62703. Defendant, Quality Carriers, has been at all relevant times in the business of trucking materials across several states, including the State of Texas. Defendant, Quality Carriers, is subject to personal jurisdiction in the state of Texas because it operates, conducts, engages in, or carries on a business or business ventures in the state of Texas.

2.3   Defendant, Gilbert C. Douglas, is an individual residing in the state of Missouri and may be served with process at 2079 E. 546 Road, Pleasant Hope, MO 65725.  Defendant, Douglas, has been at all relevant times in the business of transporting materials across several states, including the State of Texas.  Defendant, Douglas, is subject to personal jurisdiction in the state of Texas because he operates, conducts, engages in, or carries on a business or business ventures in the state of Texas.

### III.
### STATEMENT OF THE CASE

3.1   Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1.1 through 2.3 of Plaintiff's Original Complaint set forth above as though fully set forth herein.

3.2   This lawsuit arises out of an automobile incident that occurred on or about February 5, 2012, in which Plaintiff was driving north on US Highway 77 in Refugio County, Texas.

3.3   In the course of his employment with Defendant, Quality, Defendant, Douglas, was operating a Kenworth Tractor, license plate no. U167297009 and its accompanying Polar Tank trailer, VIN no. 1PMS34224R1013049.

3.4   Both the tractor and trailer referenced above were owned by Defendant, Quality, at the time of the incident made the basis for this suit.

3.5   Defendant, Douglas was travelling behind Plaintiff on US Highway 77 at the time of the incident made the basis for this suit.

3.6   Defendant, Douglas, failed to control his speed and struck the Plaintiff's vehicle on US Highway 77.

3.7   As a result of the incident, Plaintiff suffered severe and substantial injuries.

## IV.
### CAUSES OF AGAINST QUALITY CARRIERS, INC.

### Negligence

4.1   Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1.1 through 3.7 of Plaintiff's Original Complaint set forth above as though fully set forth herein.

4.2   Quality committed acts of omission and commission that collectively and severally constituted negligence and were a proximate cause of Plaintiff's injuries and damages.

4.3   Quality entrusted the vehicle to Defendant, Douglas, on the date in question.

4.4   At the time of the entrustment, Douglas, was an incompetent and/or reckless driver.

4.5   Quality knew or should have known that Douglas was an incompetent and/or reckless driver.

4.6   Douglas was negligent on the occasion in question.

4.7   Douglas', negligence proximately caused Plaintiffs' injuries and damages.

### *Respondeat Superior*

4.8   Douglas is alleged at all times of the events described in the petition to be an employee, agent, representative and/or servant of Quality.

4.9   As such, Defendant, Quality, Inc., is liable for his acts and omissions under the doctrine of *respondeat superior*.

4.10   Alternatively, Defendant, Quality, is responsible for the acts or omissions and/or *per se* negligent acts or omissions of Defendant, Douglas.

4.11   Plaintiffs allege that Quality, was negligent and that such negligence was a proximate cause of the accident.

4.12   Such negligence includes, but is not limited to, failure to properly train its drivers and failure to establish an adequate safety program for its drivers

## V.
### CAUSES OF ACTION AGAINST GILBERT C. DOUGLAS

### Negligence

5.1   Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1.1 through 4.12 of Plaintiff's Original Complaint set forth above as though fully set forth herein.

5.2   The collision described above, and the resulting injuries and damages suffered by Plaintiffs, were proximately caused by the negligent conduct of Gilbert C. Douglas, in one or more of the following respects:

    a.    Failing to adequately turn the vehicle to the left or right in order to avoid an impending collision as would have been done by a reasonable person exercising ordinary prudence and care under the same or similar circumstances;

    b.    In failing to maintain a proper lookout while operating a motor vehicle, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

    c.    Failing to take proper evasive action to avoid the collision;

    d.    In failing to timely and properly apply his brakes, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances; and

    e.    In failing to keep the vehicle he was driving under proper control, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

## NEGLIGENCE *PER SE*

5.3   The collision described above, and the resulting injuries and damages suffered by Plaintiff, were proximately caused by the negligent *per se* conduct of Gilbert C. Douglas, in one or more of the following respects:

    a.    Imperiling other motorists by failing to heed a traffic law, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances, in violation of Texas Transportation Code § 542.301, which constitutes negligence *per se*;

    b.    In driving a vehicle in willful or wanton disregard for the safety of persons, in violation of Texas Transportation Code § 545.401, which constitutes negligence *per se*;

    c.    In failing to bring his vehicle to a stop to avoid the collision as would have been done by a reasonable and prudent person under the same or similar circumstances violation of Texas Transportation Code § 544.003, which constitutes negligence *per se*;

    d.    In failing to control his speed under Texas Transportation Code §545.151; and

    e.    In failing to maintain an assured clear distance between his vehicle and the Plaintiff's vehicle he was following under Texas Transportation Code § 545.062, which constitutes negligence *per se*.

## VI.
## DAMAGES

6.1   As a direct result and proximately caused of and by the negligence of the Defendants, Plaintiffs seek and are entitled to property damage as well as the following damages for their personal injuries:

    (1)    physical pain and mental anguish in the past and future;

    (2)    physical impairment in the past and future;

    (3)    medical care in the past and the future; and

(4) all other damages allowed by law and equity.

## VII.
### JURISDICTIONAL AMOUNT

7.1  By reason of the facts alleged herein, the Plaintiff has been made to suffer and sustain injuries and damages at the hands of these Defendants in excess of the minimum jurisdictional limits of this Court and in an amount to be determined by the jury in this case and as the evidence may show proper at the time of the trial.

## VIII.
### PRE-JUDGMENT AND POST-JUDGMENT INTEREST

8.1  Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## IX.
### JURY DEMAND

9.1  Plaintiff respectfully demands a trial by jury and tenders the appropriate fee herein.

### PRAYER

WHEREFORE PREMISES, considered, Plaintiff prays that upon final trial of this case before a jury of their peers, that upon final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages, including actual and special damages, pre-judgment and post-judgment interest and expenses, costs of court and such other and further relief, at law or in equity, to which the Plaintiff may be justly entitled at law or in equity.

Respectfully submitted,

**GOWAN ELIZONDO**
555 N. Carancahua, Ste 1400
Corpus Christi, Texas 78401
E-mail: ggowan@gelawfirm.com
E-mail: ezehnder@gelawfirm.com
361.651.1000
361.651.1001 Facsimile


*/s/ Eric T. Zehnder*
Eric T. Zehnder
State Bar No. 24079627
Federal ID No. 1400812
Gregory L. Gowan
State Bar No. 00795384
Federal ID No. 19991

and


Rene "Bo" Vela Jr.
State Bar No. 24042725
Federal ID No. 641914
**THE VELA LAW FIRM**
555 N. Carancahua, Suite 1400
Corpus Christi, Texas 78401
E-mail: bo@thevelalawfirm.com
361.883.8352
361.887.9222 Facsimile


**ATTORNEYS IN CHARGE FOR PLAINTIFF, HEATHER VEGA**